JS 44  (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Joseph Molitor

## DEFENDANTS
City of Scranton, et al

**(b)** County of Residence of First Listed Plaintiff    Lackawanna
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Lackawanna
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
             THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Comerford Law
Curt M. Parkins, Esq.; Matthew T. Comerford, Esq.
204 Wyoming Avenue, Scranton, PA 18503; 570-880-0777

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983

Brief description of cause:
1983 Action for False Arrest

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
500,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____    DOCKET NUMBER _____

DATE  7/23/20

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH MOLITOR <br>     PLAINTIFF | NO._____ |
| V. | CIVIL ACTION |
| CITY OF SCRANTON <br> PENNSYLVANIA STATE POLICE <br> JASON GULA <br> DAVID HEINKE <br> LAUREN FETCH <br> JOHN DOE <br>     DEFENDANTS | JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW, comes Plaintiff, Joseph Molitor, by and through his Counsel, Comerford Law, who file this Complaint, averring as follows:

1. This action is brought under 42 U.S.C. § 1983 for violations of Plaintiff's rights secured under the Fourth and Fourteenth Amendments to the United States Constitution.

2. This Court has jurisdiction over Plaintiff's § 1983 claims pursuant to 28 U.S.C. §§ 1331 and 1343 and over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. § 1391 because the factual basis for all claims stated herein occurred in the Middle District of Pennsylvania and because Plaintiff and Defendants reside in and/or maintain their principle places of business in the Middle District.

## The Parties

4. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

5. Plaintiff Joseph Molitor is a resident of Pennsylvania and resides within the Middle District of Pennsylvania.

6. Defendant City of Scranton ("Defendant City") is a municipal corporation and government entity organized and operating under the laws of the Commonwealth of Pennsylvania who owns and operates City of Scranton Police Department ("the Department"), pursuant to Pennsylvania law.

7. Defendant Pennsylvania State Police is a governmental subdivision of the Commonwealth of Pennsylvania and a government entity organized and operating under the laws of the Commonwealth of Pennsylvania who owns and operates the Pennsylvania State Police pursuant to Pennsylvania law.

8. Defendant Jason Gula is a police officer employed by Defendant City in the Department in the Middle District of Pennsylvania. At all times relevant to this Complaint, Defendant Gula was acting under color of state law in his capacity as a police officer for Defendant City. Defendant Gula is being sued in his individual capacity. Defendant Gula has been admitted as an expert in courts in Pennsylvania in the fields of controlled substances and drug trafficking.

9. Defendant David Heinke is an inspector employed by the United States Postal Inspection Service in the Middle District of Pennsylvania. At all times relevant to this Complaint, Defendant Heinke was acting under color of state law in his capacity as a United States employee. Defendant Heinke is being sued in his individual capacity.

10. Defendant Lauren Fetch is an inspector employed by the United States Postal Inspection Service in the Middle District of Pennsylvania. At all times relevant to this Complaint, Defendant Fetch was acting under

color of state law in her capacity as a United States employee. Defendant Fetch is being sued in her individual capacity.

11. Defendant John Doe is a laboratory technician employed by Defendant Pennsylvania State Police. At all times relevant to this Complaint, Defendant John Doe was acting under color of state law in his capacity as a technician for Defendant State Police. Defendant John Doe is being sued in his individual capacity.

### The Facts

12. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

13. By way of background, it is generally illegal under federal law for an individual to possess Marijuana in the United States of America.

14. On the other hand, it is lawful to possess Cannabidiol ("CBD") and Hemp.

15. Marijuana, CBD, and Hemp, depending on their state, may appear and smell very similar.

16. Pharmacologically, the only difference between Marijuana, CBD, and Hemp is the level of THC – the psychoactive compound – in the substance.

17. Whether or not a specific substance is lawful or unlawful to possess depends on the level of THC in the substance.

18. The possession of a substance containing THC is not illegal *per se*.

19. The instant matter arises from an investigation conducted by Defendants Gula, Fetch, and Heinke in August of 2018.

20. In early August 2018, Defendant Fetch identified Plaintiff as having mailed several packages from the United States Post Office in the Steamtown Mall which postal employees believed were emitting a suspicious odor.

21. On or about August 7, 2018, Defendants Fetch and Heinke seized the packages and prevented them from being mailed.

22. On August 24, 2018, Defendant Fetch obtained a search warrant for the packages.

23. On August 28, 2018, Defendant Heinke executed the search warrant on the packages.

24. During the search, Defendant Heinke found a total of 11.3 grams of a green, leafy substance.

25. Defendant Heinke purports that he believed the substance to be marijuana; however, this belief was unreasonable, fabricated, and/or inauthentic.

26. During the search, along with the green, leafy substance, Defendant Heinke found a Certificate of Analysis from Botanacor Services, a licensed CBD and Hemp testing center, indicating that the materials contained in the packages were CBD and/or Hemp, not marijuana, based on the level of THC. The specific THC was included on the Certificate such that the reader would know the substance was lawful to possess.

27. During the search, Defendant Heinke also found a business card from CBD Shop of Northeast Pennsylvania, indicating the owner to be Plaintiff. This is a lawful business owned and operated by Plaintiff under Pennsylvania and Federal Law.

28. Defendants Heinke and Fetch referred this matter to Defendant Gula for prosecution.

29. Defendants Heinke, Fetch, and Gula, sent the green, leafy substance to a Laboratory owned and operated by Defendant Pennsylvania State Police for chemical testing.

30. Defendant John Doe conducted laboratory testing on the green, leafy, substance and authored a report to Defendant Heinke, Fetch, and/or Gula.

31. On October 5, 2018, these Defendants received this report, indicating that the green, leafy substances contained marijuana.

32. Defendant John Doe knew that his report was materially false, that the green, leafy substance was not marijuana, and that the false report would result in the false arrest of Plaintiff.

33. Defendants Gula, Heinke, and Fetch also knew that this lab report merely indicated the presence of THC in the substance, not the actual presence of marijuana.

34. Based on this report, Defendants Heinke and Fetch referred the case to Defendant Gula, knowing that he would arrest Plaintiff. In fact, Defendant did arrest and file criminal charges against Plaintiff for felony Possession of Marijuana.

35. Defendant Gula did not do this immediately; he waited until June 5, 2019 – eight months later – to file charges.

36. Plaintiff was held in jail, unable to make bail on the charge, for approximately two months.

37. Plaintiff lost his job and his family was rendered homeless as a result of the arrest and incarceration.

38. Ultimately, on February 13, 2020, the charges against Plaintiff were nolle prossed by the Lackawanna County District Attorney's Office.

39. This arrest of Plaintiff was made without probable cause because the green leafy substance was not marijuana, but was actually lawfully possessed CBD and/or Hemp.

40. A lab result indicating the presence of THC in the green, leafy substance, does not provide probable cause because the substance is equally consistent with Hemp or CBD as marijuana and because the mere presence of THC in a substance does not render that substance unlawful to possess.

41. The arrest was also made without probable cause because Defendants knew that Plaintiff did not have the requisite *mens rea* for the crime of Possession with Intent to Deliver Marijuana, based on the laboratory reports and business cards in the packages.

42. The arrest of Plaintiff was made with malice and knowledge of the lack of probable cause.

43. Specifically, based on Defendant Gula's expertise in the field of drug trafficking, he knew that not every substance that contains THC is unlawful. He further knew the difference between CBD, Hemp, and Marijuana. Despite this, he knowingly arrested Plaintiff for possession of legal substances.

44. Furthermore, Defendant Gula knowingly conducted an insufficient investigation in this matter by not having the green, leafy substance for THC level while knowing this additional investigation was necessary to determine whether or not a crime had been committed.

45. The initial seizure of the packages by Defendants Heinke and Fetch was unlawful because the mere smell of Marijuana does not constitute probable cause that a crime has been committed because it is equally indicative of Hemp.

46. Furthermore, the delay of two weeks in obtaining a search warrant for the seized packages was unreasonable.

47. Plaintiff's unlawful arrest was heavily publicized in the news media.

48. Plaintiff seeks damages including but not limited to, damages for physical and emotional pain and suffering incurred while falsely incarcerated; damages for lost wages and lost business; damages for the value of the goods seized by Defendants; damages for public humiliation and embarrassment; nominal damages; punitive damages; and attorney's fees and costs.

49. Plaintiff demands a trial by jury on all counts herein.

## Count I: 42 U.S.C. § 1983
## False Arrest
### Plaintiff v. Defendants Gula, John Doe, Fetch, and Heinke

50. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

51. Defendants Gula, John Doe, Fetch, and Heinke caused Plaintiff to be deprived of his right to be free from false arrest in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

52. These Defendants were deliberately indifferent to Plaintiffs' aforementioned rights.

WHEREFORE, Plaintiff demands judgment in his favor against Defendants and seeks compensatory damages, punitive damages, nominal damages, damages for emotional trauma, damages for embarrassment and humiliation, attorney's fees and court costs in excess of the jurisdictional limits.

## Count II: 42 U.S.C. § 1983
## Malicious Prosecution
### Plaintiff v. Defendants Gula, John Doe, Fetch, and Heinke

53. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

54. Defendants Gula, John Doe, Fetch, and Heinke caused Plaintiff to be deprived of his right to be free from malicious prosecution in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

55. These Defendants were deliberately indifferent to Plaintiff's aforementioned rights.

WHEREFORE, Plaintiff demands judgment in his favor against Defendants and seeks compensatory damages, punitive damages, nominal damages, damages for emotional trauma, damages for embarrassment and humiliation, attorney's fees and court costs in excess of the jurisdictional limits.

## Count III: 42 U.S.C. § 1983
### Conspiracy to Commit False Arrest, Malicious Prosecution, and Unlawful Seizure
### Plaintiff v. Defendants Gula, Heinke, John Doe and Fetch

56. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

57. Defendants Gula, Heinke, John Doe and Fetch conspired to deprive Plaintiff of his right to be free from false arrest, his right to be free from malicious prosecution, and his right to be free from unlawful search and seizure, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

58. Defendants Gula, Heinke, John Doe, and Fetch were deliberately indifferent to Plaintiffs' aforementioned rights.

WHEREFORE, Plaintiff demands judgment in his favor against Defendants and seek compensatory damages, punitive damages, nominal damages, damages for emotional trauma, damages for embarrassment and humiliation, attorney's fees and court costs in excess of the jurisdictional limits.

## Count IV: 42 U.S.C. § 1983
### Unlawful Seizure
### Plaintiff v. Defendants Heinke, Fetch, and Gula

59. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

60. Defendants Heinke, Fetch, and Gula, by seizing Plaintiff's packages, deprived Plaintiff of his rights to property and to be free from unlawful seizure under the Fourth and Fourteenth Amendments to the United States Constitution, acting with deliberate indifference and under color of state law while doing so.

61. The actions by Defendants were willful, wanton, and intentional.

62. The unlawful seizure occurred at the time the packages were removed from the stream of commerce, at the time after the search warrant was executed when it became clear the packages were not contraband, and continues to this day as the property has not been returned.

63. Gula's continuing possession of the property constitutes an ongoing seizure.

WHEREFORE, Plaintiff demands judgment in his favor against Defendants and seek compensatory damages, punitive damages, nominal damages, attorney's fees and court costs in excess of the jurisdictional limits.

### Count V: 42 U.S.C. § 1983
### Monell Liability
### Plaintiff v. Defendant City of Scranton

64. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

65. Plaintiff was denied his right to be free from false arrest under the Fourth and Fourteenth Amendments to the United States Constitution.

66. Defendant City developed, implemented, approved, and/or maintained a number of deficient customs, policies, and/or practices at the Department with deliberate indifference, which caused this violation.

67. Specifically, Defendant City has a custom and practice of arresting individuals for the possession of suspected marijuana.

68. However, the manner by which Defendant City tests suspected marijuana is to test the substance for the presence of THC.

69. If any THC is detected, Defendant City determines that the substance contains marijuana and makes an arrest.

70. However, this is a fallacy. Legal substances such as CDB Oil and Hemp contain THC.

71. The difference between an illegal substance like marijuana and legal substances such as CDB and Hemp is the level of marijuana.

72. Therefore, the presence of THC is not in and of itself illegal.

73. However, Defendant City regularly arrests individuals for substances containing any THC without testing levels to determine legality.

74. This causes innocent individuals like Plaintiff to be arrested and charged for offenses they do not commit where there is no probable cause that such a crime was committed.

75. It also causes the seizure of legal property, such as the Hemp at issue.

76. This defective policy, custom, and practice is the moving force behind the violation of Plaintiff's rights to be free from false arrest.

77. Defendant City also fails to train its officers in the difference between Hemp and Marijuana despite the fact that it is imperative information for police to know so that false arrests are not made.

78. Defendant City fails to train officers on time or at all in regard to changing laws regarding Hemp and Marijuana, despite the fact that they know to a moral certainty that the failure to do so will result in the arrest of innocent individuals.

WHEREFORE, Plaintiff demands judgment in his favor against Defendant and seeks compensatory damages, punitive damages, nominal damages, damages for emotional trauma, damages for embarrassment and humiliation, attorney's fees and court costs in excess of the jurisdictional limits.

### Count VI: Supplemental State Law Claim
### False Arrest
### Plaintiff v. Defendant Gula

79. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

80. Defendant Gula intentionally, knowingly, and recklessly arrested Plaintiff without probable cause, resulting in Plaintiff's incarceration.

81. These charges were ultimately dismissed against Plaintiff.

WHEREFORE, Plaintiff demands judgment in his favor against Defendant and seeks compensatory damages, punitive damages, nominal damages, damages for emotional trauma, damages for embarrassment and humiliation, attorney's fees and court costs in excess of the jurisdictional limits.

### Count VII: Supplemental State Law Claim
### Malicious Prosecution
### Plaintiff v. Defendant Gula

82. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

83. Defendant Gula intentionally, knowingly, and recklessly instituted criminal charges against Plaintiff, knowing that these charges were without probable cause and, therefore, made with malice.

84. These proceedings terminated in Plaintiff's favor.

WHEREFORE, Plaintiff demands judgment in his favor against Defendant and seeks compensatory damages, punitive damages, nominal damages, damages for emotional trauma, damages for embarrassment and humiliation, attorney's fees and court costs in excess of the jurisdictional limits.

### Count VIII: 42 U.S.C. § 1983
### Monell Liability
### Plaintiff v. Pennsylvania State Police

85. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

86. Plaintiff was denied his rights to be free from false arrest under the Fourth and Fourteenth Amendments to the United States Constitution.

87. Defendant Pennsylvania State Police developed, implemented, approved, and/or maintained a number of deficient customs, policies, and/or practices at the Department with deliberate indifference, which caused this violation.

88. Defendant Pennsylvania State Police maintains a number of drug testing laboratories across the Commonwealth of Pennsylvania.

89. Law enforcement agents, such as the Police Department for the City of Scranton routinely utilize these labs to test suspected narcotics, including suspected marijuana, and they rely on these tests in making arrests and restricting the liberty of individuals.

90. The Pennsylvania State Police has a policy, procedure, practice, and/or custom in place in regard to the testing of suspected marijuana.

91. Specifically, the Pennsylvania State Police labs only test suspected marijuana for the presence of any THC.

92. If any THC is present, the lab issues a report indicating that the substance has tested positive for marijuana.

93. This is in direct opposition and conflict with the law regarding THC, Marijuana, Hemp, and CBD as previously outlined in this complaint.

94. This policy, practice, procedure, and/or custom results in law enforcement agencies arresting innocent individuals who possess Hemp and CBD, rather than marijuana.

95. The Pennsylvania State Police and its policymakers are aware of the laws regarding THC, Marijuana, Hemp, and CBD, and yet they still continue to employ this policy, practice, custom, and/or procedure, despite knowing that it results in the arrests of innocent individuals, such as Plaintiff.

96. Also, given this knowledge, Defendant Pennsylvania State Police fail to train their lab technicians in regard to the changing laws.

WHEREFORE, Plaintiff demands judgment in his favor against Defendant and seeks injunctive relief including, but not limited to, an order requiring all

Pennsylvania State Police testing labs to modify their policies and procedures for testing suspected marijuana such that all suspected marijuana is tested for THC level, and any and all other injunctive relief this Court deems appropriate.

### Count IX: Supplemental State Law Claim
### Fraud
### Plaintiff v. Defendant John Doe

97. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

98. Defendant John Doe intentionally, knowingly, and/or recklessly authored a report indicating that the green, leafy substance was marijuana when this statement was materially false.

99. Defendant John Doe knew and intended that Defendants Gula, Heinke, and/or Fetch would rely on this report in making an arrest.

100. This material misrepresentation directly resulted in the unlawful arrest and incarceration of Plaintiff.

WHEREFORE, Plaintiff demands judgment in his favor against Defendant and seeks compensatory damages, punitive damages, nominal damages, damages for emotional trauma, damages for embarrassment and humiliation, attorney's fees and court costs in excess of the jurisdictional limits.

### Count X: Supplemental State Law Claim
### Civil Conspiracy
### Plaintiff v. Defendant John Doe

101. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

102. Defendants John Doe, Gula, Heinke, and Fetch intentionally, knowingly, and/or recklessly agreed to commit the torts of False Arrest and Malicious Prosecution, as laid out previously in this Complaint.

WHEREFORE, Plaintiff demands judgment in his favor against Defendants and seeks compensatory damages, punitive damages, nominal damages, damages for emotional trauma, damages for embarrassment and humiliation, attorney's fees and court costs in excess of the jurisdictional limits.

Respectfully Submitted

Curt M. Parkins, Esq.

CJ Rotteveel, Esq.
Attorneys for Plaintiff
204 Wyoming Avenue
Scranton, PA 18503
570-880-0777
570-880-0476 (fax)
curt@comerfordparkins.com
cj@comerfordparkins.com